IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAWUANA N. SANDERS, *et al.*,<br><br>Defendants. | CRIMINAL ACTION<br><br>NUMBER 3:15-cr-00010-TCB |

**O R D E R**

This case comes before the Court on Defendant Shawuana N. Sanders's objections [48] to Magistrate Judge Russell G. Vineyard's final report and recommendation ("R&R") [45] recommending that the Court deny Sanders's motions to dismiss the indictment and to suppress evidence arising out of the search of her residence [25, 28 & 36]. In the R&R, the magistrate judge also deferred to the undersigned Sanders's motion to sever her trial from that of her co-Defendants [26].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404,

408 (5th Cir. Unit B 1982)).[1] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, complete review of the R&R, reviewing de novo those portions of the R&R to which Sanders has raised specific objections and reviewing the remainder of the R&R for

clear error. Having done so, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions are correct and that Sanders's objections have no merit. Sanders raises two specific objections to the R&R, which the Court addresses below.[3]

First, Sanders argues that the magistrate judge erred when he "alleged that [Sanders] abandoned her statute of limitations defense . . . merely because she did not rehash the same in her subsequent amendment and brief in support." [48] at 1. Sanders and her co-Defendants are charged with conspiracy, wire fraud, mail fraud, aggravated identity theft, and theft of government money in connection with an alleged tax fraud scheme in which they obtained and used the identities of other individuals to file fraudulent tax returns. The indictment alleges a conspiracy beginning "on a date unknown, but from at least in or about January 2008, and continuing through in or about June 2011." [1] at ¶ 1.

---

[3] In addition to the specific objections addressed herein, Sanders generally states that she objects to the magistrate judge's recommendations, incorporates all of her previous arguments in support of her objections, and requests a de novo determination of the magistrate judge's recommendations. However, as noted above, Sanders must "specifically identify those findings objected to," and the Court need not consider "conclusive or general objections." *Nettles*, 677 F.2d at 410 n.8.

In her initial motion to dismiss, Sanders argued that the indictment should be dismissed because "the statute of limitations has passed on any alleged crimes occurring earlier than April 28, 2010" and because of "undue delay in bringing the arrest and indictment of" Sanders. [28] at 1. However, in the R&R, the magistrate judge indicates that at the pretrial conference, the Government pointed out that the law in the Eleventh Circuit "is that for a conspiracy prosecution, the indictment satisfies the statute of limitations if the conspiracy is alleged to have continued into the limitations period." [45] at 12 n.14. In light of this precedent, the magistrate judge directed Sanders to perfect her motion to dismiss. Sanders subsequently filed an amended motion to dismiss the indictment [36], but she did not raise the statute of limitations argument in her amended motion. The magistrate judge therefore concluded that Sanders had abandoned that argument. *Id.*

The Court agrees that Sanders abandoned her statute of limitations argument. The magistrate judge advised that Sanders must perfect her motion to dismiss or it would be deemed abandoned. Because Sanders failed to perfect, or even mention, any argument

5

concerning the statute of limitations in her amended motion to dismiss, she abandoned it. *See, e.g., United States v. Cadet*, No. 1:11-CR-00113-WBH-LTW, 2013 WL 504892, at *9 (N.D. Ga. Jan. 16, 2013), *adopted*, 2013 WL 504815 (N.D. Ga. Feb. 8, 2013) (concluding arguments that the defendant raised in his initial motion to suppress but did not "perfect or expound upon . . . in his post-hearing briefs" were deemed to be abandoned); *United States v. Rodriguez-Alejandro*, 664 F. Supp. 2d 1320, 1327 n.3 (N.D. Ga. 2009) (noting that where the defendant filed a preliminary motion to suppress and was granted an extension to perfect or withdraw his motion but did not do so, it was "deemed abandoned and withdrawn").

However, even if Sanders had not abandoned her statute of limitations argument, it would still fail. As the magistrate judge explained, "the law in this Circuit is that for a conspiracy prosecution, the indictment satisfies the statute of limitations if the conspiracy is alleged to have continued into the limitations period." [45] at 12 n.14 (citing *United States v. Abdi*, No. 1:13-cr-484-JEC-RGV, 2014 WL 3828165, at *4 (N.D. Ga. Aug. 4, 2014)); *see also United States v. Reed*,

980 F.2d 1568, 1584 (11th Cir. 1993) ("[T]he statute of limitations does not begin to run on a co-conspirator until the final act in furtherance of the conspiracy has occurred or until the co-conspirator withdraws from the conspiracy."); *United States v. LeQuire*, 943 F.2d 1554, 1563-64 (11th Cir. 1991) ("Law in this Circuit recognizes that a conspirator's participation in a conspiracy is presumed to continue until all activity relating to the conspiracy is ceased."). Here, the indictment alleges that the conspiracy continued into 2011, with a number of acts occurring on or after April 28, 2010. Sanders has offered no arguments to indicate why, under the applicable law, the charges against her would be barred by the statute of limitations.

Separate from the statute of limitations argument, Sanders argues that the indictment should be dismissed because the Government unreasonably delayed in bringing charges against her. "The limit on pre-indictment delay is usually set by the statute of limitations. But, the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). To show that

dismissal is warranted under the Due Process Clause, Sanders must show that "pre-indictment delay caused [her] actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage." *Id.*

In her objections to the R&R, Sanders contends that the magistrate judge erred by stating "that the Government did not deliberately seek an unfair advantage with its delay, and that Defendant was not prejudiced by the pre-indictment delay." [48] at 1. But Sanders offers no support for this assertion, and the Court agrees with the magistrate judge that she has failed to meet her burden of showing that the indictment should be dismissed due to pre-indictment delay. She has not sufficiently shown that she was prejudiced by the delay, nor has she shown that the delay resulted from a deliberate act by the Government to gain a tactical advantage.

"A stringent standard is employed when examining the issue of prejudice." *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991). "The prejudice must be such that it impairs the fairness of the defendant's trial." *United States v. Keel*, 254 F. App'x 759, 760 (11th Cir.

8

2007). Sanders's general assertions that she has been prejudiced by the delay, that her co-Defendants and estranged husband have changed their stories over the years, and that she could have interviewed witnesses herself or taken action to protect her interest if she had known she was a suspect are not sufficient to show actual, substantial prejudice that rises to "constitutional proportions." *Id.* (quoting *United States v. Benson*, 846 F.2d 1338, 1342 (11th Cir. 1988)). Further, Sanders's claims that she would have done more if she had been aware she was a suspect are unpersuasive in light of the fact that Sanders has been aware of the investigation since June 2011, when federal agents searched her residence.[4]

And even if Sanders had sufficiently shown prejudice, she has failed to show that the delay was the result of a deliberate act by the Government to gain a tactical advantage. Sanders's arguments on this point offer little more than speculation. As the magistrate judge noted, "Sanders simply 'fails to identify facts that would tend to prove that the

---

[4] In fact, as noted in the R&R, Sanders's amended motion to dismiss indicates that after that search she promptly retained counsel, who followed up with the Government in April of 2012 to find out when Sanders would be indicted. *See* [36-1] at 4.

government acted in bad faith or made a deliberate decision to gain a tactical advantage over [her] that led to the delay.'" [45] at 19 (quoting *United States v. Ramirez*, 491 F. App'x 65, 70 (11th Cir. 2012)).

Sanders offers no specific objections to the magistrate judge's recommendation that the Court deny her motion to suppress evidence, and the Court has found no error in those portions of the magistrate judge's well-reasoned R&R recommending denial of that motion. Therefore, Sanders's motion to suppress will be denied for the reasons stated in the R&R.

The magistrate judge has deferred Sanders's motion to sever her trial from the trial of her co-Defendants. As noted in the R&R, Sanders has raised a potential *Bruton* issue with respect to the statement of her co-Defendant Monica Person. *See United States v. Williamson*, 339 F.3d 1295, 1302 (11th Cir. 2003) (acknowledging that in *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court concluded that "where the powerfully incriminating extra-judicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial,' limiting instructions by the court

will not suffice to eliminate the prejudicial effect of the introduction of such statements"). The Government has not yet filed a written response to Sanders's motion to sever, and based on the current record, the Court cannot determine whether a joint trial of Sanders and Person would raise an issue under *Bruton*. The Court will therefore order a response to Sanders's motion and address this motion at a later date.

Accordingly, the Court adopts as its order the magistrate judge's report and recommendation [45] and denies Sanders's motions to dismiss the indictment and suppress evidence [25, 28, and 36]. The Government is hereby directed to file any response to Sanders's motion to sever her trial from that of co-Defendant Person [26] on or before November 14, 2015.

IT IS SO ORDERED this 29th day of October, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge